OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

[1] Appellant, Elgean Joshevama, was elected Vice Chairman in a general election on November 2001. He was subsequently removed from his office by a vote of the Tribal Council on March 4, 2003, for serious neglect of duties. After his removal, Appellees, the Hopi Election Board, scheduled a special election for the Office of Vice Chairman set for June 25, 2003. The Appellant submitted an application to be a candidate with the Appellees on April 22, 2003. His Application was subsequently denied and Appellees refused to place his name on the ballot. Appellees reasoned that his earlier removal disqualified him for the period of his 4 year term of office. Since Appellant’s term was not completed, he was disqualified to run for office.
[2] The Appellant properly filed his appeal from Apellee’s decision in Hopi Tribal Court on June 16, 2004. Additionally he sought injunctive relief four days later. He personally delivered a copy of the appeal upon Appellees, but not a summons, on June 16, 2004. The affidavit seeking injunctive relief was not served on Appel-lees.
[3] The trial court scheduled a hearing for June 24, 2004, on Appellant’s affidavit seeking injunctive relief. The Court sent notices to both parties regarding the hearing. At the June 24th hearing the Appellant did not appear. The Court denied injunctive relief based upon his non appearance. In its written order, the Court then ordered Appellant to serve process of the appeal upon Appellees. After a full hearing on Appellee’s motion to dismiss, the Court dismissed on the matter on December 28, 2004.
[4] On August 8, 2003, the Court ordered the bailiff to serve process upon Appellees. The bailiff served Appellees. Appellees’ Motion to Dismiss on September 10, 2003 cites various grounds for dismissal including lack of jurisdiction due to the doctrine of sovereign immunity, failure to serve process, and lack of personal jurisdiction over Appellees.
*388 [5] Appellant now appeals the Trial Court’s dismissal of his case.

ISSUE PRESENTED ON APPEAL

[6] Although Appellant argued several issues on appeal, we address only whether the Hopi Tidal Court erred in its dismissal of Appellant’s case for lack of jurisdiction as dispositive.

DISCUSSION

A. This Court Has Jurisdiction To Review Appellant Joshevama’s Appeal De Novo
[7] Hopi Ordinance 21 grants the Hopi Appellate Court jurisdiction to hear appeals from judgments and orders of the Tribal Court of the Hopi Tribe. Hopi Tribal Ordinance 21 § 1.2.5; The Trial Court’s dismissal for lack of jurisdiction due to improper service is a matter of law. Therefore, the Appellate Court will review this matter de novo.
B. The Hopi Indian Rules of Civil and Criminal Procedure Govern The Procedure In Administrative Decisions
[8] Hopi Election Ordinance 34 § 7(3) states that any decision of the Election Board may be appealed to the Hopi Tribal Courts. Hopi Election Ordinance 34 does not prescribe procedural rules aside from H.I.R.C.C.P. Absent prescribed rules specific to the proceeding, the procedural rules of H.I.R.C.C.P. shall apply to proceedings of a civil nature and in all special proceedings established by laws. H.I.R.C.C.P. Rule 1(a).[1] We find that an appeal of a decision by the Hopi Election Board is a proceeding of a “civil nature” as contemplated by H.I.R.C.C.P. Rule 1(a). Thus, H.I.R.C.C.P, applies to this matter.
[9] Therefore, Appellant was required to abide by Rule 2 and provide proper service of process to Appellees for his case to proceed. In this case, Appellant did not serve a copy of the summons and complaint to Appellees in accordance with Rule 2. The Court, without any petition or request from Appellant, proceeded to serve Appellees in an effort to expedite the service of process. In doing so the Trial Court erred when it essentially perfected its own jurisdiction over Appellees. We hold that absent an affirmative request from the Appellant, the court may not take it upon itself to provide proper service of process on Appellees. Though the request need not be formal, the burden remains on Appellant to ensure the Court has proper jurisdiction over Appellees through proper service of process in accordance with H.I.R.C.C.P. Rule 2.

ORDER OF THE COURT

[10] The decision of the'Trial Court is AFFIRMED.

. H.I.R.C.C.P. Rule 1(a) provides:
Except when different rules prescribed in this code specifically apply, these rules shall govern the procedure in the trial and appellate courts of the Hopi Tribe: in all actions, suits and proceedings of a civil nature, in all special proceedings established by laws, and in criminal matters to the extent ao different rule is specified,